Justice White,
dissenting.
One of the issues in this case is whether a person has standing to sue for a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. § 1962(d), if the wrongful acts alleged do not constitute “predicate acts” as defined in § 1961(1). Following the lead of the Second Circuit in Hecht v. Commerce Clearing House, Inc., 897 F. 2d 21 (1990), the Ninth Circuit in this casé held that petitioner lacked standing to assert a conspiracy claim under § 1962(d) because he did not allege injury from overt acts which themselves are prohibited in the RICO statute. 912 F. 2d 291, 295 (1990).
The Court of Appeals recognized that a division in authority existed between the Second Circuit’s view, as expressed in Hecht, and the Third Circuit’s position propounded in Shearin v. E. F. Hutton Group, Inc., 885 F. 2d 1162 (1989). In Shearin, the Third Circuit had held that a person has standing to assert a § 1962(d) violation for overt acts of conspiracy that are not defined in § 1961(1). 885 F. 2d, at 1166-1167. The Ninth Circuit explicitly rejected the Third Circuit’s position and adopted the Second Circuit’s rule.
Because a conflict exists among the Courts of Appeals on this important federal question, I would grant certiorari to consider it.